### ROBBINS v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit.   February 21, 1916.)

No. 2635.

1. POST OFFICE ⬯49—CRIMINAL OFFENSES—ADMISSIBILITY OF EVIDENCE.

On a trial for sending an indecent letter through the mails, in violation of Rev. St. § 3893, as amended by Act Sept. 26, 1888, c. 1039, 25 Stat. 496, evidence as to the reputation of the addressee for chastity in the community in which she lived was properly excluded, as the statute has regard only to the character of the letter, and not to the character of the person to whom it is addressed.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 84–86; Dec. Dig. ⬯49.]

2. CRIMINAL LAW ⬯1171—APPEAL—HARMLESS ERROR.

On a trial for sending an indecent letter through the mails, where the jury's finding that the letter in question was of the character denounced by the statute was necessarily based upon the nature of the letter itself, while its finding that defendant wrote and mailed the letter rested upon evidence so clear and convincing that the jury could not have determined otherwise than as they did, defendant himself admitting that he wrote a portion of another letter, which was clearly and obviously written by the same hand, the misconduct of the district attorney in making certain remarks in the presence of the jury could have had no effect on the verdict.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3126, 3127; Dec. Dig. ⬯1171.]

In Error to the District Court of the United States for the First Division of the Northern District of California; Maurice T. Dooling, Judge.

E. E. Robbins was convicted of an offense, and he brings error. Affirmed.

Black & Clark, of San Francisco, Cal., for plaintiff in error.

John W. Preston, U. S. Atty., of San Francisco, Cal.

Before GILBERT and ROSS, Circuit Judges, and RUDKIN, District Judge.

GILBERT, Circuit Judge.   [1] The plaintiff in error was convicted on an indictment which charged him with sending through the mails an indecent letter, in violation of section 3893, Revised Statutes, as amended by 25 Stat. 496. One of the assignments of error is that the trial court refused to permit the plaintiff in error to show the reputation of the prosecuting witness for chastity in the community

in which she lived. The ruling of the District Court was clearly correct. The statute has regard only to the character of the letter, and not to the character of the person to whom it is addressed. See United States v. Musgrave (D. C.) 160 Fed. 700, and cases there cited.

[2] Several assignments of error are based on the conduct of the District Attorney in making certain remarks in the presence of the jury, to which exception was duly taken. We find it unnecessary to discuss these assignments, for the reason that the alleged misconduct could have had no effect upon the jury's verdict. In arriving at their verdict the jury necessarily made two findings: First, that the letter was of the character denounced by the statute; and, second, that the plaintiff in error wrote it and mailed it. The first finding was based necessarily upon the nature of the letter itself. The second rested upon evidence so clear and convincing that the jury could not have determined otherwise than as they did. The plaintiff in error denied writing the letter; but he admitted writing a portion of another letter which was so clearly and obviously written by the same hand that expert testimony, although it was adduced, was unnecessary to show that the handwriting was identical. No possible misconduct on the part of the district attorney could have affected the conclusion which the jury was compelled to reach, and it is unnecessary to consider the matter, further than to say, as was said by the court below, that the district attorney's remarks were "hardly commendable."

The judgment is affirmed.